UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ALBERTO BIENVENIDO MOLINA PICO, ) | | |
| ) | | |
| Petitioner, ) | | Civil No. 6:21-cv-00128-GFVT |
| ) | | |
| v. ) | | |
| ) | | |
| J. GILLEY, Warden ) | | **MEMORANDUM** |
| ) | | **OPINION** |
| Respondent. ) | | **&** |
| ) | | **ORDER** |

*** *** *** ***

Alberto Bienvenido Molina Pico[1] is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Pico filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny the petition.

In 2016, Pico pled guilty to one count of conspiracy to possess with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. *See United States v. Alberto Bienvenido Molina Pico*, No. 8:16-cr-00063, at Rs. 34, 35, 44, 48 (M.D. Fla. 2016). The district court then sentenced Pico to 135 months in prison. *See id.* at R. 74. It does not appear that Pico either appealed that judgment or filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Instead, Pico has now filed a § 2241 petition with this Court. [R. 1.] As best as the Court can tell, Pico is arguing that the government did not have subject-matter jurisdiction in his

---

[1] The Court will direct the Clerk's Office to update the docket sheet to reflect that the Petitioner's last name is "Pico" rather than "Pilo."

federal criminal case, and, as a result, he is actually innocent. [*See id.*] Ultimately, Pico asks this Court to "vacate [his] conviction and release [him] to immigration authorities." [*Id.* at 8.]

Pico's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying conviction. While a federal prisoner may challenge the legality of his conviction on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Pico cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has repeatedly explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law from the Supreme Court establishes his actual innocence. *See Taylor v. Owens*, 990 F.3d 493, 4999 (6th Cir. 2021) (citing *Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020))

Here, Pico has not made such a showing. In fact, Pico has not clearly identified *any* intervening change in statutory law from the Supreme Court, let alone a change that establishes his own innocence. Instead, Pico cites only one case, *United States v. Guerro*, 789 F. App'x 742 (11th Cir. 2019), an unpublished decision from the United States Court of Appeals for the Eleventh Circuit. Since that decision was not issued by the Supreme Court, as required, Pico's reliance on it is unavailing. *See Taylor*, 990 F.3d at 499 (emphasizing that a petitioner "must

2

identify a *Supreme Court* decision that reinterprets the statute of conviction" and pointing out that a federal appeals court "is not the Supreme Court.").

In short, Pico may not proceed under § 2241. Therefore, this Court lacks jurisdiction to entertain his petition.

Accordingly, it is **ORDERED** as follows:

1. The Clerk's Office is directed to update the docket sheet to reflect that the Petitioner's last name is "Pico."

2. Pico's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DISMISSED** for lack of subject-matter jurisdiction.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 5th day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge